**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | |
|---|---|
| **LEOBARDO GARZA,** ) | |
| ) | |
| Plaintiff, ) | Case No. CV 12-00772 AJW |
| ) | |
| v. ) | MEMORANDUM OF DECISION |
| ) | |
| **CAROLYN W. COLVIN,** ) | |
| **Acting Commissioner of the Social** ) | |
| **Security Administration,** ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

Plaintiff filed this action seeking reversal of the decision of defendant, the Commissioner of the Social Security Administration (the "Commissioner"), denying plaintiff's applications for disability insurance benefits. The parties have filed a Joint Stipulation ("JS") setting forth their contentions with respect to each disputed issue.

**Administrative Proceedings**

Plaintiff filed his application for benefits in March 2009 alleging that he had been disabled since November 18, 2008. [JS 2]. In a February 11, 2011 written hearing decision that constitutes the Commissioner's final decision in this case, an administrative law judge (the "ALJ") found that plaintiff had severe impairments consisting of degenerative disc disease and depression. [JS 2; Administrative Record ("AR") 11]. The ALJ further found that plaintiff retained the residual functional capacity ("RFC") to perform a restricted range of light work, and that his RFC did not preclude him from performing his past

relevant work as a security guard. [AR 12-14]. Accordingly, the ALJ concluded that plaintiff was not disabled through the date of his decision.

**Standard of Review**

The Commissioner's denial of benefits should be disturbed only if it is not supported by substantial evidence or is based on legal error. Stout v. Comm'r Soc. Sec. Admin., 454 F.3d 1050, 1054 (9th Cir. 2006); Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). "Substantial evidence" means "more than a mere scintilla, but less than a preponderance." Bayliss v. Barnhart, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). "It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (internal quotation marks omitted). The court is required to review the record as a whole and to consider evidence detracting from the decision as well as evidence supporting the decision. Robbins v. Soc. Sec. Admin, 466 F.3d 880, 882 (9th Cir. 2006); Verduzco v. Apfel, 188 F.3d 1087, 1089 (9th Cir. 1999). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas, 278 F.3d at 954 (citing Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999)).

**Discussion**

**Examining physician's opinion**

Plaintiff contends that the ALJ failed to properly to consider the opinion of Thomas Jackson, M.D., an orthopedist who performed an agreed medical evaluation of plaintiff for purposes of a workers' compensation claim. [JS 3-7].

The ALJ summarized Dr. Jackson's November 2009 evaluation and findings as follows. [AR 13; see AR 202-219]. Dr. Jackson indicated that x-rays revealed mild disc degeneration in the thoracic spine and possible L5-S1 spondylosis. [AR 13, 206]. Dr. Jackson diagnosed multi-level degenerative disc disease of the thoracic and lumbar spine and mild exogenous obesity. [AR 13, 214]. Plaintiff's conditions "resulted in a 16% total person impairment which precluded plaintiff from 'substantial work' which was defined as being halfway between heavy and light work." [AR 13 (quoting AR 217)]. Dr. Jackson also precluded plaintiff from prolonged sitting or weight-bearing. [AR 13, 217].

The ALJ gave the most weight to the testimony of the medical expert, orthopedist Arthur Lorber, M.D. [AR 13-14]. The ALJ found that plaintiff retained the RFC to lift and carry 20 pounds; stand or walk

1  for one hour at a time, up to a total of six hours in an eight-hour day; sit for one hour at a time, up to a total
2  of eight hours in an eight-hour day; occasionally climb ladders or stairs, kneel, crouch, squat, crawl; and
3  was precluded from bending, stooping, and exposure to concentrated vibrations. [AR 14, ].

4        If contradicted by that of another doctor, a treating or examining source opinion may be rejected for
5  specific and legitimate reasons that are based on substantial evidence in the record. Batson v. Comm'r of
6  Soc. Sec. Admin., 359 F.3d 1190, 1195 (9th Cir. 2004); Tonapetyan v. Halter, 242 F.3d 1144,1148-1149
7  (9th Cir. 2001); Lester v. Chater, 81 F.3d 821, 830-831 (9th Cir. 1995). Plaintiff contends that the ALJ
8  improperly omitted Dr. Jackson's preclusion of prolonged standing or walking and failed to provide specific
9  and legitimate reasons for implicitly rejecting Dr. Jackson's opinion.

10       Plaintiff's contentions lack merit. First, the ALJ did not disregard Dr. Jackson's preclusion of
11 prolonged standing and walking. The ALJ noted that Dr. Jackson precluded plaintiff from prolonged
12 "weight-bearing," a term that subsumes both standing and walking.

13       Second, although he did not do so explicitly, the ALJ reasonably interpreted and gave weight Dr.
14 Jackson's workers' compensation opinion. See Booth v. Barnhart, 181 F. Supp. 2d 1099, 1104-1105 (C.D.
15 Cal. 2002) (explaining that "[w]orkers' compensation disability ratings are not controlling in disability cases
16 decided under the Social Security Act," and that "[i]n analyzing medical opinions using state workers'
17 compensation terminology, the ALJ is entitled to draw inferences logically flowing from the evidence")
18 (internal quotations marks omitted).

19       The ALJ did not adopt Dr. Jackson's diagnosis of thoracic and lumbar radiculitis, which Dr. Lorber
20 characterized as unsupported due to Dr. Jackson's failure to document any focal neurologic deficits. [AR
21 13, 30]. Nonetheless, the ALJ's RFC finding is a reasonable interpretation of Dr. Jackson's functional
22 assessment. The ALJ found that plaintiff was limited to less than light work due to limitations in his ability
23 to lift, carry, and engage postural activities. The ALJ also found that plaintiff could sit, stand, or walk for
24 a total of six hours in an eight-hour day, as required to perform light work, but could do so in no more than
25 one-hour increments. The ability to alternate those activities hourly avoids the need to do any one of them
26 for a prolonged period. Dr. Jackson did not limit the total number of hours plaintiff could sit, stand, or walk,
27 nor has plaintiff otherwise shown that the ALJ's RFC finding did not flow logically from Dr. Jackson's
28 workers' compensation opinion. See Booth, 181 F. Supp. 2d at 1104-1105 (noting that the California's

workers' compensation categories of heavy and light work are not based on strength, entail a "minimum of demands for physical effort," and turn on whether a claimant sits, stands, or walks for most of the day, while the categories of work under the Social Security Act are differentiated primarily by lifting capacities).

Other substantial evidence in the record supports the ALJ's RFC finding. The Commissioner's consultative examining orthopedist, John Simmons, M.D., opined that plaintiff retained the RFC for medium work. [AR 176-180]. Dr. Lorber, the medical expert, opined that plaintiff could perform a somewhat broader range of light work than the ALJ ultimately included in his RFC finding. Therefore, the ALJ did not err in evaluating the medical source opinions, and his RFC finding is supported by substantial evidence in the record.

**Past relevant work**

Plaintiff contends that the ALJ made a "perfunctory" finding that plaintiff's RFC did not preclude performance of his past relevant work as a security guard, and that the ALJ failed adequately to consider the physical and mental demands of that job. [JS 7-10].

A social security disability claimant bears the burden of proving that she cannot perform either the "actual functional demands and job duties of a particular past relevant job" or the "functional demands and job duties of the occupation as generally required by employers throughout the national economy." Pinto v. Massanari, 249 F.3d 840, 845 (9th Cir. 2001) (quoting SSR 82–62, 1982 WL 31386); see also Burch, 400 F.3d at 679; Villa v. Heckler, 797 F.2d 794, 798 (9th Cir. 1986). The ALJ's obligation is "to make the requisite factual findings to support" the conclusion that the claimant can perform past relevant work. "This is done by looking at the residual functional capacity and the physical and mental demands of the claimant's past work." Pinto, 249 F.3d at 844–845 (quoting 20 C.F.R. §§ 404.1520(e) and 416.920(e)). Information from the Dictionary of Occupational Titles ("DOT") or the testimony of a vocational expert may be used to ascertain the demands of an occupation as ordinarily required by employers throughout the national economy at steps four and five of the sequential evaluation procedure. See SSR 00–4p, 2000 WL 1898704, at *2.

The vocational expert testified that plaintiff's past work as a security guard corresponded to DOT occupational classification number 372.667-034 and was semi-skilled light work as generally and actually performed. [AR 46-47]. The vocational expert also testified that the hypothetical person described by the

ALJ could perform that job. [AR 47]. The ALJ asked the vocational expert to tell him if his testimony conflicted with the DOT. The vocational expert did not indicate that any conflict existed. [AR 46-48].

Plaintiff has not pointed to any evidence of an actual conflict or discrepancy between plaintiff's RFC as found by the ALJ and the physical or mental demands of his past work as a security guard as either generally or actually performed. Plaintiff's argument consists of a boilerplate statement of the law without any attempt to apply the law to the specific facts of this case. The vocational expert's testimony was substantial evidence supporting the ALJ's step-four finding, which was free of legal error. See Bayliss, 427 F.3d at 1218 ("A vocational expert's recognized expertise provides the necessary foundation for his or her testimony. Thus, no additional foundation is required.").

**Lay witness testimony**

Plaintiff contends that the ALJ failed properly to consider, or give reasons for rejecting, the hearing testimony of his wife, Dina Garza. [JS 11-13].

The ALJ must take into account lay witness testimony about a claimant's symptoms but can reject that testimony by providing "reasons that are germane to each witness." Greger v. Barnhart, 464 F.3d 968, 972 (9th Cir. 2006) (quoting Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir.1993)).

Ms. Garza testified as follows during the hearing. She and plaintiff had been married approximately 16 years. She worked as a customer service lead five days a week, seven to seven-and-a-half hours per day. She worked a variety of shifts. When she was home, plaintiff spent most of the time sitting or lying down. He did not have the same personality as before, and he got frustrated trying to help their children with homework. Ms. Garza sometimes massaged him or applied stickers to his back, where plaintiff could not reach, for use with the TENS unit. Plaintiff could apply the stickers to his lower body, and he operated the TENS unit himself. Plaintiff tried to help with household chores. He washed his dishes, made the bed, picked up around the house, helped his wife with yard work, sometimes drove the children to school, and accompanied his wife grocery shopping. Ms. Garza did not let him carry any bags because plaintiff told her it gave him spasms, and she saw the pain in his face. [AR 49-54].

Defendant acknowledges that the ALJ did not explicitly address Ms. Garza's testimony. Although that omission is legal error, the error was harmless. See McLeod v. Astrue, 681 F.3d 881, 886-888 (9th Cir. 2011) (holding that under the harmless error standard applicable to social security disability appeals, the

record must show "a substantial likelihood of prejudice" to the party claiming error in order to warrant reversal and remand). Plaintiff does not challenge the ALJ's rejection of his own subjective symptom testimony. Ms. Garza's testimony was cumulative of plaintiff's own subjective testimony, which the ALJ permissibly discounted. See Molina v. Astrue, 674 F.3d 1104, 1116-1117 (9th Cir. 2012) (holding that the ALJ's failure to discuss material lay witness testimony is not prejudicial per se, and that "an ALJ's failure to comment upon lay witness testimony is harmless where 'the same evidence that the ALJ referred to in discrediting [the claimant's] claims also discredits [the lay witness's] claims'") (alterations in original) (quoting Buckner v. Astrue, 646 F.3d 549 560 (8th Cir. 2011)). Ms. Garza's testimony also contains internal inconsistencies, in that she initially testified that plaintiff spent most of his time sitting or lying down, but on further questioning she acknowledged that he performed or assisted with routine household chores and daily activities. [See AR 12-14, 23-42].

Accordingly, plaintiff has not shown a substantial likelihood of prejudice from the ALJ's failure to discuss Ms. Garza's lay testimony, and the ALJ's error was harmless.

## Conclusion

For the reasons stated above, the Commissioner's decision is supported by substantial evidence and reflects application of the proper legal standards. Accordingly, the Commissioner's decision is affirmed.

**IT IS SO ORDERED.**

August 26, 2013

_____
ANDREW J. WISTRICH
United States Magistrate Judge

6